**Jason Hamilton TAYLOR,**
**Plaintiff–Appellant,**

v.

**LENOX HILL HOSPITAL,**
**Defendant–Appellee.**

**No. 03–7629.**

United States Court of Appeals,
Second Circuit.

Feb. 12, 2004.

Jason Hamilton Taylor, New York, New York., for Appellant, pro se.

Joel E. Cohen, McDermott, Will & Emery, New York, New York., for Appellee.

Present: LEVAL, SOTOMAYOR, and WESLEY, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Jason Taylor, *pro se*, appeals from the May 5, 2003 judgment of the United States District Court for the Southern District of New York (Lynch, J.), granting summary judgment to defendant-appellee, Lenox Hill Hospital ("Hospital"), and dismissing his claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* (2000), and declining to exercise supplemental jurisdiction over his disability and gender discrimination claims under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.* (McKinney 2000), and New York City Human Rights Law ("NYCHRL"), Admin. Code of the City of New York, § 8–101 *et seq.* We assume the reader's familiarity with the underlying facts, procedural history, and specification of appellate issues, and hold as follows.

On appeal, Taylor contends that the district court improperly granted summary judgment to the Hospital on his disability discrimination claims. We review a district court's grant of summary judgment de novo, focusing on whether the district court properly concluded that no genuine issues of material fact existed and that the movant was entitled to judgment as a matter of law. *See Mount Vernon Fire Ins. Co. v. Belize NY, Inc.*, 277 F.3d 232, 236 (2d Cir.2002). In order to prevail on three of his ADA discrimination claims, Taylor was required to demonstrate that he was disabled within the meaning of the ADA. *See* 42 U.S.C. § 12102(2) (2000) (defining "disability" as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual"). For substantially the reasons set forth by the district court, *Taylor v. Lenox Hill Hosp.*, 2003 WL 1787118, *5 (S.D.N.Y. Apr. 3, 2003), we conclude that Taylor failed to demonstrate that his lifting restriction constituted a disability within the meaning of the ADA. *See Colwell v. Suffolk County Police Dep't*, 158 F.3d 635, 645 (2d Cir.1998) (holding that the inability to lift "very heavy objects" did not impair a major life activity). Accordingly, summary judgment on his disability discrimination claims was appropriate.

Taylor also argues that the district court improperly granted summary judgment on his claim that he was disabled because the Hospital regarded him as disabled. This argument is also without merit. There is no evidence that the Hospital regarded Taylor as suffering from any limitation of his capacities other than the inability to lift more than forty pounds. As explained above, that restriction does not substantially limit a major life activity and thus does not qualify as a disability under the ADA. *See EEOC v. J.B. Hunt Transp. Inc.*, 321 F.3d 69, 74 (2d Cir.2003).

Taylor also challenges the district court's dismissal of his retaliation claim. Below, Taylor argued that the Hospital modified its staff nurse job description—adding an explicit lifting requirement because he filed a complaint with the Equal Employment Opportunity Commission alleging that the Hospital failed to accommodate his disability. Although Taylor established a *prima facie* claim of retaliation, he failed to adduce evidence that could support a reasonable finding that the change in the job description was motivated by retaliatory intent. Accordingly, the district court properly dismissed this claim.

To the extent that Taylor challenges the district court's refusal to exercise supplemental jurisdiction over the remaining

state claims, we find such an argument unavailing. It is well settled that where, as here, plaintiff's federal claims were properly dismissed prior to trial, the district court has discretionary authority to dismiss the remaining state claims. 28 U.S.C. § 1367; *Giordano v. City of New York,* 274 F.3d 740, 754 (2d Cir.2001).

For these reasons, the district court's judgment is AFFIRMED.